IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SIERRA CLUB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:08-cv-0437-SEB-TAB |
| | ) |
| DUKE ENERGY INDIANA, INC., | ) |
| CINERGY CORP., | ) |
| CINERGY PSI, INC., | ) |
| PSI ENERGY, INC., | ) |
| CINERGY POWER GENERATION | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

**PARTIES' JOINT PROPOSED CASE MANAGEMENT PLAN**

I.  **Parties and Representatives**

   A.  Plaintiff:          Sierra Club

       Defendants:     Duke Energy Indiana, Inc.
                       Cinergy Corp.
                       Cinergy PSI, Inc.
                       PSI Energy, Inc.
                       Cinergy Power Generation Services, LLC

   B.  For Plaintiff:     David C. Bender
                          Christa Westerberg
                          Garvey McNeil McGillivray, SC
                          634 West Main Street, Suite 101
                          Madison, WI  53703
                          Tel:  608/256-1003
                          Fax:  608/256-0933
                          Email:  bender@gmmattorneys.com
                                  westerberg@gmmattorneys.com

       For Defendants:    Robert R. Clark
                          Scott R. Alexander
                          Taft Stettinius & Hollister LLP
                          One Indiana Square, Suite 3500
                          Indianapolis, IN  46204

1

>Tel: 317/713-3500
>Fax: 317/713-3699
>Email: rclark@taftlaw.com
>salexander@taftlaw.com
>
>Julie L. Ezell
>Duke Energy Legal Department
>1000 East Main Street
>Plainfield, IN 46268
>Tel: 317/838-1100
>Fax: 317/838-6001
>Email: julie.ezell@duke-energy.com

**II.   Synopsis of Case**

    A.   Plaintiff's claims are based on alleged violations of pre-construction permitting requirements under the Clean Air Act. Jurisdiction is provided by the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604.

    B.   Defendants maintain that the plaintiff's allegation that the projects referenced in the complaint triggered New Source Review requirements is factually and legally without merit.

**III.   Pretrial Pleadings and Disclosures**

    A.   The parties shall supplement their Fed. R. Civ. P. 26 initial disclosures on or before April 15, 2009.

    B.   Plaintiff shall file preliminary witness and exhibit lists no later than July 10, 2009.

    C.   Defendants shall file preliminary witness and exhibit lists no later than August 10, 2009.

    D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed no later than July 11, 2009.

    E.   Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, no later than July 10, 2009. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

    F.   Plaintiff shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) no later than February 10, 2010. However, if Plaintiff uses expert witness testimony at the summary judgment

stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

  G. Defendants shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) within XX days after Plaintiff serves its expert witness disclosure; or if none, Defendants shall make their expert disclosure no later than April 10, 2010.  However, if Defendants use expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

  The parties disagree regarding the deadline for Defendants' expert witness disclosure.  Plaintiff contends the disclosure should be 30 days after service of Plaintiff's disclosure as provided in the Court's standard case management plan, while Defendants contend the disclosure should be due 60 days after service given the nature of the case.

  H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 90 days before trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

  I. All parties shall file and serve their final witness and exhibit lists no later than May 10, 2010.

  J. Bifurcation:  Defendants request that this case be bifurcated into a liability phase and remedy phase.  The liability phase will be subject to the present case management order and will be tried to a jury.  If liability is found, a case management and discovery plan will be enacted for the remedy phase (which will be tried to the Court).  Subject to the issue of whether Defendants are entitled to a jury, as set forth in footnote 2, *infra*, Plaintiff does not object to Defendants' request for bifurcation.

  K. The parties reached agreement regarding discovery of electronically-stored and other information by way of a protective order that addresses, among other things, confidential business information and a "clawback" procedure based on discovery issues as they arise.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

   A. Duke anticipates that it will file one or more summary judgment motions. Duke's grounds for summary judgment will include, among other things, (a) statute of limitations, (b) no liability on the part of certain defendants, and (c) that, as a matter of law the projects at issue did not cause a net emissions increase and/or were routine maintenance, repair, or replacement.

   Plaintiff anticipates filing one or more motions for partial summary judgment, which may include: (1) that, as a matter of law, none of the changes to the power plant constitute "routine maintenance repair and replacement," 40 C.F.R. § 52.21(b)(2)(iii)(a), assuming Defendants assert that affirmative defense; (2) that Defendants' anticipated affirmative defenses are invalid as a matter of law; (3) that all or some of the defendants are responsible, as a matter of law, for past illegal changes to the plant and continuing illegal operations of the plant; and (4) that Plaintiff is entitled to seek civil penalties, as well as an injunction requiring Defendant to off-set past illegal emissions by controlling emissions or by buying and retiring emission credits prospectively.

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

B. Select the track that best suits this case:

\_\_\_\_\_ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.  The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

\_\_\_\_\_ Track 2: Dispositive motions are expected and shall be filed by [no later than 11 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by _____[no later than 7-10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by _____[no later than 12-16 months from Anchor Date].  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

\_\_\_\_\_ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 11 months from Anchor Date]; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 7-10 months from Anchor Date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date].  [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

\_\_X\_\_ Track 4: Dispositive motions shall be filed by no later than June 10, 2010; non-expert discovery shall be completed no later than June 10, 2010; expert witness discovery shall be completed no later than June 10, 2010.

The parties believe that this case is an unusual case for which special circumstances necessitate additional flexibility, and therefore that Track 4 is appropriate.  This case requires application of complex provisions of the Clean Air Act, which will in turn require technical and complex discovery, expert testimony, and dispositive motion briefing.

**V.   Pre-Trial/Settlement Conferences**

A pre-trial conference has been scheduled for March 17, 2009.  At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time.

### VI. Trial Date

The parties request a trial date not earlier than December 10, 2010. The trial on liability is by jury[2] and is anticipated to take five days, consistent with the other deadlines established by this CMP.

A longer track than the standard 18-month track from the Anchor Date (assumed to be the date of the Court's denial of Defendants' motion to dismiss on February 11, 2009) is due to the complex and technical nature of the law and facts associated with this Clean Air Act case.

### VII. Referral to Magistrate Judge

At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

### VIII. Required Pre-Trial Preparation

    **A. THREE WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of witnesses who are expected to be called to testify at trial.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

---

[2] Plaintiff does not contest a jury trial on liability to the extent it seeks civil penalties, but if the Court determines only equitable relief is available then the Plaintiff will contend that a trial to the Court on liability is appropriate. *See Tull v. United States*, 481 U.S. 412, 417 (1987). On the other hand, the Defendants maintain that, as with the *U.S. v. Cinergy* case, regardless of the dismissal of civil penalty remedies, a jury trial must be conducted on *liability issues* (*e.g.,* whether the projects at issue were "routine maintenance, repair, and replacement" activities and whether a reasonable engineer overseeing the projects in question would have predicted a net emissions increase resulting from the projects).

    4.      A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        a.      brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.**    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.      Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.  File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.  Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.** **Other Matters**

    Plaintiff anticipates that it will submit a revised/supplemental Notice of Intent to Sue and will file an Amended Complaint in this matter.


/s/ David C. Bender
David C. Bender
Christa Westerberg
Garvey McNeil McGillivray, S.C.
634 West Main Street, Suite 101
Madison, WI 53703
Tel:  608/256-1003
Fax: 608/256-0933
Email:  bender@gmmattorneys.com
westerberg@gmmattorneys.com

Counsel for Plaintiff

/s/ Robert R. Clark
Robert R. Clark
Scott R. Alexander
Taft Stettinius & Hollister, LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
Tel:  317/713-3500
Fax:  317/713-3699
Email:  rclark@taftlaw.com
   salexander@taftlaw.com

Julie L. Ezell
Duke Energy Legal Department
1000 East Main Street
Plainfield, IN 46268
Tel:  317/838-1100
Fax: 317/838-6001
Email:  julie.ezell@duke-energy.com

Counsel for Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____  PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE.

_____  APPROVED AS SUBMITTED.

_____  APPROVED AS AMENDED.

_____  APPROVED AS AMENDED PER SEPARATE ORDER.

_____  APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____  APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____  THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____.

_____  A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; OR

_____  DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____.

_____  _____
Date                                            U. S. District Court
                                                Southern District of Indiana

## MAGISTRATE JUDGE'S SUMMARY OF CASE MANAGEMENT PLAN

**Date Approved:** _____   **Case No.:** 1:08-cv-00437-SEB-TAB

**Caption:**           Sierra Club v. Duke Energy Indiana, Inc., et al.

**Pltf's Counsel:**    David C. Bender
                       Christa Westerberg
                       Garvey McNeil McGillivray, S.C.
                       Tel: 608/256-1003

**Deft's Counsel:**    Robert R. Clark
                       Scott R. Alexander
                       Taft Stettinius & Hollister LLP
                       Tel: 317/713-3500

**Nature of Case:**    Plaintiff's claims are based on alleged violations of pre-construction permitting requirements under the Clean Air Act.

**Defenses:**          Defendants maintain the substantive allegations are factually and legally without merit.

**Discovery:**         Non-expert discovery completed no later than June 10, 2010; Expert witnesses discovery completed no later than June 10, 2010.

**Readiness:**         Trial not earlier than December 10, 2010.

**Trial Time:**        5 days by jury for the liability phase.

**Motions Pending:**   None.

**Motions Future:**    Amend pleadings/add parties no later than July 11, 2009; motions for summary judgment no later than June 10, 2010.

**Pltf's Demand:**     Due July 10, 2009.

**Defense Offer:**     Due 30 days thereafter.

**Settlement:**        Court settlement conference

10

**Remarks:**	The case will be bifurcated into a liability phase and remedy phase. The liability phase will be subject to the present case management order and will be tried to a jury.  If liability is found, a case management and discovery plan will be enacted for the remedy phase (which will be tried to the Court).[3]


999250

---

[3] *See supra*, footnote No. 2.