**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SIERRA CLUB, </br></br>   Plaintiff,</br></br> v.</br></br>DUKE ENERGY INDIANA, INC., et al.</br></br>   Defendants. | )</br>)</br>)</br>)</br>)   Case No. 1:08-cv-00437-SEB-TAB</br>)</br>)   Cause: 893 (Environmental)</br>)</br>)</br>)</br>) |

**SIERRA CLUB'S MOTION TO COMPEL REGARDING LARRY
ROARK DEPOSITION**

  Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i) Plaintiff Sierra Club requests that the Court order Deponent Larry Roark to respond to one question asked during his November 13, 2009 Deposition ("Deposition"). In support of this Motion, Sierra Club states the following:

  This is a Clean Air Act citizen suit against Duke Energy Indiana, Inc. *et al.* ("Duke") for violations of the Clean Air Act's New Source Review ("NSR") provisions at Duke's coal-fired Edwardsport Generating Station ("Edwardsport"). Sierra Club alleges that these violations released tons of air pollution that have a variety of adverse effects, including premature mortality. Larry Roark is the Plant Manager at Edwardsport. Transcript of Deposition of Larry Roark, ("Tr.") 14:21-22, attached as Ex. 1.

1

On November 13, 2009, Sierra Club took the deposition of Mr. Roark. During the deposition, the following question was asked and objected to, based on the attorney work product privilege.

> Q  Have you done anything else [to prepare for this deposition]?
>
> A  Specifically what? Could you give me an example?
>
> Q  An example would be reading a piece of paper.
>
> A  I have read documents.
>
> Q  Which documents did you read?
>
> MR. ALEXANDER: Well, you can answer the question except for documents that were provided to you by counsel because that's attorney work product. You can answer the question.
>
> A  My documents were provided by counsel.

Tr. 20:21 – 21:5. The question actually asked was simply what documents the witness read to prepare for his deposition. The question did not ask who provided him the documents and therefore the question was not intended to and could not possibly reveal attorney work product. However, the witness, apparently prompted by his attorney's objection, volunteered that the documents he reviewed were provided by counsel.

Duke has listed Mr. Roark as a witness for trial in this case. *See* Dk.#57 at 2. Therefore, Sierra Club needs to have an answer to the question to prepare for trial.

Specifically, Mr. Roark did not remember a number of items during his deposition. *See e.g.* Tr. 5:13, 6:19, 9:8, 15:6, 22:11, 24:19, 24:21, 30:20, 38:4, 57:17, 81:25, 82:25, 99:19, 102:3, 109:11, 109:16, 110:8-10, 110:25 – 111:1. Sierra Club needs to be prepared should Mr. Roark's memory substantially improve during his testimony at

trial, or if a document previously reviewed suddenly refreshes his memory at trial when it did not do so when he reviewed the document prior to deposition.  As part of Sierra Club's trial preparation Sierra Club is entitled to know what Mr. Roark reviewed prior to his deposition to compare this with what information he did not recall during his deposition.

Mr. Roark also clearly avoided certain terminology during his deposition, terminology that could be damaging to Duke's defense in this case.  For example, Mr. Roark avoided using the word "unit" to refer to the four units at Edwardsport after his counsel objected to the use of the term.  *Compare, e.g.,* Tr. 29:7-16 *with* Tr. 25:19-20 ( Mr. Roark accepts the use of the term unit prior to his counsel's objection to the use of the term.)  The term "unit" can have substantive significance in this case.  Even if the terminology did not have substantive significance, if Mr. Roark reviewed a document that referred to the four "units" at Edwardsport, but then claimed in his deposition that he has never heard the boilers at Edwardsport referred to as units, that may go to Mr. Roark's credibility during his testimony at trial.  However, Sierra Club cannot make this determination and similar determinations without knowing what documents Mr. Roark reviewed in preparing for his deposition.

Finally, at this point Sierra Club does not know if Mr. Roark reviewed documents in preparing for his deposition that are relevant and responsive to discovery requests but have not yet been produced by Duke.  Sierra Club is entitled to know this.

This Court has already decided this very issue in favor of disclosure.  In *Keller v. Sumco, Inc.,* 1:07-cv-1426-WTL-JMS, Order on Motion to Compel, (Dk. 69, 5/5/09) ("*Keller* Order"), the witnesses was instructed not to answer the question of what

documents she had reviewed to prepare for her deposition, essentially the same question as in now before the Court. *Keller* Order at 1, 7 attached as Ex. 2. The Court began its analysis by noting that almost every deposition in this District involves a similar question. *Id*. In both *Keller* and the case at bar, counsel taking the deposition did not ask who selected the documents that the witness had reviewed. *Id*. And in both *Keller* and the case at bar:

> The whole issue of possible attorney mental impressions only arose, not because of what Ms. Keller's counsel asked, but because [the witness'] counsel "gratuitously volunteered" information about the selection process—a circumstance noted in the *Sporck* dissent that makes a finding of attorney mental impressions especially inappropriate.

*Id*. In light of this, the Court found that disclosure was required and ordered the deponent to prepare an affidavit in response to the question. *Id*. at 10.

It is true that in *Kartman v. State Farm Mutual Automobile Ins. Co.*, 247 F.R.D. 561, 564 (S.D. Ind. 2007), the Court did say that "there is some support for Plaintiffs' contention that under certain circumstances providing the documents assembled by counsel could provide a window into counsel's mental process." However, as the Court noted in the *Keller* case, the *Kartman* decision did not deal with the same situation as was presented in *Keller* and that is equally true for the case at bar. *See Keller* Order at 4.

Most importantly, a response to the question actually asked in Mr. Roark deposition would not reveal any attorney mental impression—except for the witness' counsel gratuitous volunteering of that information before the witness could answer. Sierra Club's question only asked what documents Mr. Roark read, not who gave him these documents or how they were selected. Duke should not be allowed to volunteer non-responsive information and then use that as a basis to thwart standard discovery

4

requests.

Indeed, if the courts were to apply and extend an interpretation wherein anything provided to a witness—including the identity of documents reviewed by a witness—is exempt from discovery, counsel could easily preclude discovery on the basic facts going to witness credibility: preparation, actual knowledge versus verbatim recitation of facts from a document, and memory.  "[N]ot every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product .... Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule."  *Keller*, Order at 5 (quoting *In re Trasylol Products Liab. Litig.*, WL 936597, at **3-4 (S.D. Fla. 2009), in turn quoting *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1015 (1st Cir.1988)).  Furthermore, even if the documents met the definition of protected materials under Fed. R. Civ. P. 26(b)(3), Sierra Club has no possible way to obtain the "substantial equivalent" of knowing the documents reviewed by a witness, other than asking the witness to identify those documents.   Fed. R. Civ. P. 26(b)(3)(ii); *Keller*, Order at 8-9.

Therefore, for the reasons stated above, Sierra Club requests that the Court order Mr. Roark to provide Sierra Club with an affidavit that lists, by name and Bates Stamp number to the extent there is one, the documents that Mr. Roark reviewed to prepare for his deposition.

                              Respectfully submitted,

                              /s Robert Ukeiley

                              Robert Ukeiley
                              Law Office of Robert Ukeiley
                              435R Chestnut Street, Ste. 1
                              Berea, KY 40403

        Tel: 859.986.5402
        Fax: 866.618.1017
        Email: rukeiley@igc.org


        David C. Bender

        Christa O. Westerberg
        MCGILLIVRAY WESTERBERG & BENDER LLC
        305 S. Paterson Street
        Madison, WI 53703
        Tel. 608.310.3560
        Fax 608.310.3561
        Email: bender@mwbattorneys.com
              westerberg@mwbattorneys.com

Dated: December 31, 2009

**Certificate of Service**

I certify that on December 31, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Robert R. Clark rclark@taftlaw.com,

Julie L. Ezell julie.ezell@duke-energy.com

Scott R. Alexander salexander@taftlaw.com,

/s/ Robert Ukeiley