UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SIERRA CLUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:08-cv-437-SEB-TAB |
| ) | |
| DUKE ENERGY INDIANA, INC., ) | |
| CINERGY CORP., CINERGY PSI, INC., ) | |
| PSI ENERGY, INC., and CINERGY ) | |
| POWER GENERATION SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF'S FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT**

This cause is before the Court on Plaintiff's First Motion for Partial Summary Judgment [Docket No. 60], filed on August 21, 2009, pursuant to Rule 56 of the Federal Rule of Civil Procedure and Local Rule 56.1.  Plaintiff, Sierra Club, asks the Court to find that Defendants, Duke Energy Indiana, Inc. ("Duke"), Cinergy Corp. ("Cinergy"), Cinergy PSI, Inc. ("CPSI"), PSI Energy, Inc. ("PSI"), and Cinergy Power Generation Services, LLC ("CPGS") (collectively, "Defendants"), bear the burden of production and persuasion to prove the defense of routine maintenance, repair, and replacement.  For the reasons detailed in this entry, we GRANT Plaintiff's First Motion for Partial Summary Judgment.

**Factual Background**

Sierra Club brought this action against Defendants pursuant to Section 304 of the Clean Air Act ("the Act"), 42 U.S.C. § 7604, seeking declaratory and injunctive relief for the Defendants' alleged violations of the Prevention of Significant Deterioration ("PSD") provisions of the Act, 42 U.S.C. §§ 7470-92.  Specifically, Sierra Club alleges that, at various times, Defendants commenced construction of "major modifications" of the Edwardsport Generating Station without first obtaining appropriate permits authorizing construction and that each modification resulted in a significant net emission increase, as defined by 40 C.F.R. § 52.21(b)(3)(i), of one or more pollutants.

> The permit provision at issue provides in relevant part:
>
> No major emitting facility on which construction is commenced after August 7, 1977, may be constructed in any area to which this part applies unless –
>
> > (1) a permit has been issued for such proposed facility in accordance with this part setting forth emission limitations for such facility which conform to the requirements of this part; . . . .

42 U.S.C. § 7475(a)(1).  Section 7479 states in relevant part: "The term 'construction' when used in connection with any source or facility, includes the modification (as defined in section 7411(a) of this title) of any source or facility."  42 U.S.C. § 7479(2)(C).  Section 7411(a), in turn, defines "modification" as follows:

> The term "modification" means any physical change in, or change in the method of operation of, a stationary source which increases the amount of any air pollutant emitted by such source or which results in the emission of any air pollutant not previously emitted.

2

42 U.S.C. § 7411(a)(4). The Environmental Protection Agency ("EPA") promulgated PSD regulations to implement these provisions of the Act. The regulations at the center of this summary judgment motion provide:

> (2)(i) Major modification means any physical change in or change in the method of operation of a major stationary source that would result in: a significant emissions increase . . . of a regulated NSR pollutant . . .; and a significant net emissions increase of that pollutant from the major stationary source.
> . . .
> (iii) A physical change or change in the method of operation shall not include:
>
> > (a) Routine maintenance, repair and replacement.

40 C.F.R. § 52.21(b)(2)(i), (iii) (1986). Thus, pursuant to the applicable statutes and regulations, if a power station performs routine maintenance, repair and replacement, such projects do not constitute a "modification" that would trigger the requirement to obtain a PSD preconstruction permit.

One of Defendants' defenses in this case alleges that Plaintiff's claims are "barred because the allegedly unlawful actions constituted routine maintenance, repair and replacement activity that Duke lawfully undertook." Defs.' Ans. to Am. Compl. at 28. On August 21, 2009, Sierra Club filed the instant motion seeking a ruling in advance of trial that Defendants have the burden of proof and persuasion on their defense of Routine Maintenance Repair and Replacement ("RMRR").

## **Legal Standard**

**I.     Standard of Review**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255.

All parties agree that, as a purely legal question, the allocation of the burden of proof at issue in this case is appropriately resolved on a motion for partial summary judgment.

**II.    Discussion**

As a general proposition, the party who claims the benefit of an exception from the prohibition of a statute bears the burden of proof. See United States v. First City Nat. Bank of Houston, 386 U.S. 361, 366 (1967). Thus, a number of courts, including this Court, have held that the burden of proving the RMRR defense is on the defendant. United States v. Cinergy Corp., 495 F. Supp. 2d 909, 931 (S.D. Ind. 2007) (McKinney, C.J.) ("[I]t ultimately would be [defendant's] burden at trial to show that its activities are

4

exempt from CAA compliance.") (citing United States v. Cinergy Corp., 2006 WL 372726, at *4 (S.D. Ind. Feb. 16, 2006)); see also Penn., Dep't of Envtl. Prot. v. Allegheny Energy, Inc., 2008 WL 4960090, at *2 n.2 (W.D. Pa. Nov. 18, 2008); Sierra Club v. Morgan, 2007 WL 3287850 (W.D.Wis. Nov. 7, 2007) (citing Ohio Edison Co., 276 F. Supp. 2d 829, 856 (S.D. Ohio 2003)).  But see United States v. Duke Energy Corp., 278 F. Supp. 2d 619, 639-40 (M.D.N.C. 2003), rev'd on other grounds, Envtl. Defense v. Duke Energy Corp., 549 U.S. 561 (2007) (holding that the plaintiff had the burden to prove that the defendant's projects did not fall within the RMRR exemption).

However, Defendants contend that, because RMRR is an exclusion from the definition of "modification" to which the PSD requirements apply, as opposed to an exception to a statutory prohibition, Sierra Club should bear the burden of proving the exclusions application.  In support of this proposition, Defendants cite the Seventh Circuit's decision in EEOC v. Chicago Club, 86 F.3d 1423 (7th Cir. 1996).  In Chicago Club, the Seventh Circuit noted that there is "[a]n important distinction . . . between exceptions to statutory regimes and exclusions from the class of entities defined as within the reach of a statutory regime."  Id. at 1430.  Although the Chicago Club court did not definitively rule on the issue, it implied that, where the "exclusion is incorporated in the definition," the defendant should not be required to bear the burden of proving the exclusion's application.  Id. at 1430-31.

We do not find Chicago Club particularly informative in resolving the question at hand, however, because there the court was addressing a different inquiry.  In Chicago

Club, the court was asked to determine whether a private club could, by definition, be subject to Title VII or whether it was excluded from the class of entities covered by the statute.  Here, there is no question that Defendants are subject to the CAA.  The only question is whether their activities are exempted from the CAA's statutory regime.  See United States v. E. Ky. Power Co-op., Inc., 498 F. Supp. 2d 976, 994-95 (E.D. Ky. 2007) (distinguishing Chicago Club and holding that the defendant bore the burden of proving the RMRR defense).  Under these facts, we find no reason to depart from the general rule.  Accordingly, in line with the majority of courts that have addressed this issue, we hold that, while Sierra Club obviously has the initial burden to prove that there was a "modification," if that is proven, the burden shifts to Defendants to prove that their activities were exempt from CAA compliance.

### III. Conclusion

For the foregoing reasons, we **GRANT** Plaintiff's First Motion for Partial Summary Judgment.

IT IS SO ORDERED.

Date:  \_\_\_\_\_03/30/2010_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

6

Copies to:

Scott R. Alexander
TAFT STETTINIUS & HOLLISTER LLP
salexander@taftlaw.com

David C. Bender
MCGILLIVRAY WESTERBERG & BENDER LLC
bender@mwbattorneys.com

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Robert R. Clark
TAFT STETTINIUS & HOLLISTER LLP
rclark@taftlaw.com

Julie L. Ezell
DUKE ENERGY LEGAL DEPARTMENT
julie.ezell@duke-energy.com

John D. Papageorge
TAFT STETTINIUS & HOLLISTER LLP
jpapageorge@taftlaw.com

Robert Ukeiley
LAW OFFICE OF ROBERT UKEILEY
rukeiley@igc.org

Christa Westerberg
McGILLIVRAY WESTERBERG & BENDER LLC
westerberg@mwbattorneys.com