**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SIERRA CLUB, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>DUKE ENERGY INDIANA, INC., et )<br>al. )<br>)<br>  Defendants. )<br>) | Case No. 1:08-cv-00437-SEB-TAB<br><br>Cause: 893 (Environmental) |

**SIERRA CLUB'S BRIEF IN SUPPORT OF MOTION FOR LEAVE
TO FILE ITS SECOND AMENDED COMPLAINT**

Plaintiff Sierra Club seeks leave of the Court to file a Second Amended Complaint in this action. The proposed Second Amended Complaint (attached to the Motion) will maintain the same general claims against the Defendants for making modifications to the Edwardsport Generating Station without required permits, without meeting applicable emission standards after constructing the modifications, and without complying with provisions of the Clean Air Act's operating permit program. The proposed amended pleading will make changes to the specific list of projects at the plant that Plaintiff contends triggered Clean Air Act requirements by including some new projects and eliminating other projects currently at issue in the (First) Amended Complaint. Additionally, the proposed amended pleading will reflect facts Plaintiff learned through discovery and clarify certain of Plaintiff's claims regarding failure to obtain an operating permit and comply with the operating permit program. Overall,

Plaintiff's theory of the case and the basic underlying issues remain the same in the Second Amended Complaint, while clarifying and streamlining the issues for trial. Plaintiff's motion should be granted.

**I.     Factual Background**

1. This case is a civil action brought against Duke Energy Indiana, Inc. ("Duke"), Cinergy Corp. ("Cinergy"), Cinergy PSI, Inc. ("CPSI"), PSI Energy, Inc. ("PSI") and Cinergy Power Generation Services, LLC ("CPGS") (collectively, the "Defendants") pursuant to Section 304 of the Clean Air Act ("the Act"), 42 U.S.C. § 7604, for declaratory and injunctive relief and the assessment of civil penalties for violations of the Prevention of Significant Deterioration ("PSD") provisions of the Act, 42 U.S.C. §§ 7470-92.

2. The original Complaint in this case was filed on April 3, 2008. (Dkt. #1)

3. Defendants moved to dismiss the claims in this case on June 30, 2008. (Dkt. # 18.)  The Court denied that motion on February 11, 2009.  (Dkt. #35.) Defendants filed their Answer to the Complaint on March 10, 2009.  (Dkt. #41.)

4. Plaintiff sought to file its First Amended Complaint on July 10, 2009. (Dkt. # 52.)  The Court granted Plaintiff's request and the Amended Complaint was filed on July 14, 2009.  (Dkt. # 54, 55.)

5. Plaintiff served discovery requests on Defendants, including on August 25, 2008, June 17, 2009, July 3, 2009, September 4, 2009, September 9, 2009, October 13, 2009, October 29, 2009, December 7, 2009, December 30, 2009, and January 5, 2010, and took a deposition of Mr. Larry Roark on November 13, 2009.  (Bender Dec.¶¶ 3-4; *see also* Roark Dep. Tr., Dkt. # 84-1.)

6. Plaintiff filed its First Motion for Partial Summary Judgment for a determination of the burden of proof and persuasion on Defendants' "Routine Maintenance" defense on August 21, 2009, and a Second Motion for Summary Judgment on the test for calculating emission increases from Defendants' Edwardsport Generating Station on August 30, 2009. (Dkt. # 60, 64.)

7. Defendants filed their Motion for Summary Judgment on October 20, 2009. (Dkt. # 70.)

8. The Court granted Plaintiff's First Motion for Summary Judgment on March 30, 2010. (Dkt. # 99.) Plaintiff's Second Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment are still pending before the Court.

9. On January 28, 2010, Plaintiff served the Defendants and other necessary state and federal officials with an amended Notice of Intent to Sue. (Bender Dec. ¶ 10.) That notice contained a list of 8 projects and the Clean Air Act violations that Plaintiff contends occurred as a result of those ten projects. (Bender Dec. ¶ 10.)

10. A Notice of Intent to Sue is a prerequisite to some claims under the Clean Air Act. 42 U.S.C. § 7604(b); 40 C.F.R. part 54. Therefore, to ensure that the statutory waiting period occurred for any claims in the January 28, 2010 Notice of Intent to Sue that would be included in the Second Amended Complaint, Sierra Club waited at least 60 days after receipt of its Notice of Intent to Sue before filing this Motion seeking to amend its complaint. (Bender Dec. ¶ 12-13.)

11. The Case Management Plan (Dkt. # 42), as approved, in this case (Dkt # 44) provides that motions to amend the pleadings should be filed on or before July 11, 2009. Subsequently, certain deadlines were stayed by the Court on February 1, 2010.

(Dkt. # 94.)  The Court's February 1, 2010 Order acknowledged that Plaintiff could file this Motion seeking leave to file a Second Amended Complaint, that Defendant could respond to such motion, that Plaintiff could file a reply in support, and that if leave is granted, Defendants could, if necessary, supplement their summary judgment briefs on the statute of limitations and related timeliness issues.  (Dkt. # 94 ¶ 1.)

12. Defendants had notice of the possibility of a second amended complaint through the Joint Motion to Stay Proceedings, which was filed on January 26, 2010, and through the January 28, 2010 Notice of Intent to Sue.  (Dkt. # 95 ¶ 5.)

13. Moreover, discovery has been stayed and Defendants have possession of the documents that relate to the ten projects at issue in the proposed Second Amended Complaint.  No expert reports have been completed and the time for expert reports and expert-related discovery has been stayed.  (Dkt. # 94 ¶ 1.)

14. During the process of discovery, including review of over 130,000 pages of documents produced by the Defendants and the deposition of Mr. Roark, Plaintiff has sought to focus on a discrete set of projects at Defendants' Edwardsport Generating Station to limit the factual and legal issues in this case. (Bender Dec. ¶¶ 3-9.) Specifically, Plaintiff has attempted to streamline this case by focusing on projects that occurred on three boilers and within a time frame where only one version of the relevant regulations would apply.

15. During discovery, Plaintiff learned of additional projects that occurred at the Edwardsport Generating Station, learned further information about projects originally included in the pleadings in this case, and learned that one project Plaintiff believed in

good faith belief had occurred was only planned but not, apparently, carried out. (Bender Dec. ¶ 6.)

Accordingly, Plaintiff is now seeking to (a) revise the list of projects that occurred at the Edwardsport Generating Station; (b) change some descriptions of the projects based on information learned through discovery; and (c) clarify its claims regarding the operating permit program. (Bender Dec. ¶¶ 7-9.) The revised set of eight projects in the proposed Second Amended Complaint replaces the nine projects pled in the Amended Complaint, Dkt. 55 ¶¶ 70-198. A comparison between the existing claims and the claims in the proposed Second Amended Complaint are as follows:

**Revised Project Numbers and Descriptions**:

| **Fist Amended Complaint (Dkt. # 55)** | **Proposed Second Amended Complaint (filed herewith)** |
|---|---|
| **Project 1**: Replacing approximately 20% of the boiler tubes in Boilers 7-1, 7-2, and 8-1 (¶¶ 70-94) | **Project 1**: Replacing more than 20% of the boiler tubes on Boiler 7-1 (¶¶ 76-83) |
| **Project 4**: Replacing lower arch tube stubs on Boilers 7-1 and 7-2 (¶¶ 125-153) | **Project 2**: Replacing Lower Arch Tubes on Boiler 7-1 (¶¶ 84-96)<br><br>**Project 3**: Replacing Lower Arch Tubes on Boiler 7-2 (¶¶ 97-102) |
| **Project 7**: Replacing fans on Boilers 7-1 and 8-1 (¶¶ 171-184) | **Project 4**: Replacement of Boiler 7-1 fan (¶¶ 103-107)<br><br>**Project 5**: Replacement of Boiler 8-1 fan (¶¶ 108-111) |

**Projects in First Amended Complaint (Dkt # 55) to be Eliminated in Second Amended Complaint**

| |
|---|
| **Project 2:** Retubing Feedwater Heaters (¶¶ 95-113) |
| **Project 3:** Retubing Condensers (¶¶ 114-124) |
| **Project 5:** Reconverting Unit 6 to Coal-firing (¶¶ 154-167) |
| **Project 6:** Rebuilding #8 Turbine (¶¶ 168-170) |
| **Projects 8 and 9:** Replacement of Burners and Combustion Controls (¶¶ 185-198) |

**New Projects To Be Added in Second Amended Complaint**

| |
|---|
| **Project 6:** Replacement of South and West Furnace Walls on Boiler 8-1 (¶¶ 112-119) |
| **Project 7:** Weld Metal Build-up on North and East Furnace Walls of Boiler 8-1 (¶¶ 120-122) |
| **Project 8:** Weld Tube Overlays in Boiler 7-2 (¶¶ 123-126) |

## II.     Applicable Standard for Leave To Amend.

A party may amend its pleading by leave of the Court. Fed. R. Civ. P. 15(a). The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). The Seventh Circuit "has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits." *Stern v. U.S. Gypsum, Inc*., 547 F.2d 1329, 1334 (7th Cir. 1977); *see also Toth v. USX Corp*., 883 F.2d 1297, 1298 (7th Cir. 1989) ("the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops").

The decision to grant a party's motion to amend is committed to the sound discretion of the district court. *Larkin v. Galloway*, 266 F.3d 718, 721-22 (7th Cir. 2001). Ordinarily, leave to amend is appropriate absent "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party… [or] futility of the amendment.  *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)); *see also Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002); *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999); *Spearman v. Gen. Motors Corp.*, 880 F. Supp. 617, 619 (S.D. Ind. 1994).  Generally, a finding of "undue delay" or "undue prejudice" is required if a District Court denies a motion to amend.  *See E. Natural Gas Corp. v. Aluminum Corp. of Am.*, 126 F.3d 996, 999 (7th Cir. 1997).  "The central inquiry in each case is whether the prejudice is undue."  *Gregg Communications Sys., Inc. v. Am. Tel. & Tel. Co.*, 98 F.R.D. 715, 721 (N.D. Ill. 1983).

### III.   Amendment In This Case Is Justified, Will Allow Adjudication of the Case on the Merits, and Does Not Prejudice Defendants.

The standard for leave to amend is met in this case, as no undue prejudice or undue delay is present.

Defendants cannot reasonably claim undue prejudice by Plaintiff's proposed Second Amended Complaint.  The Second Amended Complaint would eliminate certain projects from the case, and therefore Defendants' need to defend as to those projects.  Other changes merely separate projects previously grouped together under a single project heading into two project headings and provide clarifications about those projects.  The projects being are contemporaneous, and in fact more recent than, the other projects in the First Amended Complaint.  Defendant has known of those projects longer than Plaintiff since Plaintiff learned of them through discovery, and specifically through reviewing Defendants' document production.  Where discovery has brought awareness to

new claims and where justification is given for delay in filing the amended complaint, district courts have granted leave to amend complaints. *See, e.g., Westell Techs., Inc. v. Hyperedge Corp.*, 2003 U.S. Dist. LEXIS 15688 (N.D. Ill. Sept. 3, 2003); *Genin, Trudeau & Co. v. Integra Dev., Int'l*, 1994 U.S. Dist. LEXIS 15021 (N.D. Ill. Oct. 20, 1994); *Wilson v. Wilson*, 1991 U.S. Dist. LEXIS 16325 (N.D. Ill. Nov. 8, 1991).

Moreover, Defendants have known that Plaintiff would seek to include the list of eight projects in the proposed Second Amended Complaint since at least January 28th, when Plaintiff served its Notice of Intent to Sue. Since there has been no exchange of expert reports and no expert discovery yet in this case, Bender Dec. ¶ 14, and since the Court has stayed the deadlines for those activities, and others, pending a decision on two summary judgment motions pending before the Court, Dkt. # 94, there is no undue prejudice to Defendants' trial preparation if the Court were to allow the Second Amended Complaint.

Lastly, to the extent that the Defendants argue that amendment would be futile, based on the arguments Defendants make in their Motion for Summary Judgment, Dkt. # 70, Plaintiff believes that Defendants' arguments are in error for the reasons set forth in Plaintiff's Response, Dkt. # 74. In light of this forum's decision in *U.S. v. Cinergy Corp.*, 397 F. Supp. 2d 1025, 1031-32 (S.D. Ind. 2005), it is likely that, at a minimum, Plaintiff's claims for injunctive relief will be allowed and, therefore, the revised list of projects in the Second Amended Complaint would not be futile.

## CONCLUSION

The Plaintiff's proposed Second Amended Complaint will narrow this case, focusing on a smaller number of projects overall, and ensure that Plaintiff's claims for the

revised list of eight projects will be heard in one trial, instead of requiring a filing of a later action based on new projects. In light of these facts, and the liberal standard for leave contemplated in Fed. R. Civ. P. 15(a), Plaintiff respectfully requests that the Court grant leave to file the proposed Second Amended Complaint.

Dated: April 18, 2010.

                              MCGILLIVRAY WESTERBERG & BENDER LLC

                                /s/ David C. Bender

                              David C. Bender
                              Christa O. Westerberg
                              305 S. Paterson Street
                              Madison, WI 53703
                              Tel. 608.310.3560
                              Fax 608.310.3561
                              Email: bender@mwbattorneys.com
                                            westerberg@mwbattorneys.com

                              Robert Ukeiley
                              Law Office of Robert Ukeiley
                              435R Chestnut Street, Ste. 1
                              Berea, KY 40403
                              Tel: 859.986.5402
                              Fax: 866.618.1017
                              Email: rukeiley@igc.org

**Certificate of Service**

I hereby certify that on April 18, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Robert R. Clark rclark@taftlaw.com, docket@taftlaw.com, malexander@taftlaw.com

Julie L. Ezell julie.ezell@duke-energy.com

John D. Papageorge jpapageorge@taftlaw.com, docket@taftlaw.com, jsimmons@taftlaw.com

Scott R. Alexander salexander@taftlaw.com, docket@taftlaw.com

Jayna Morse Cacioppo jcacioppo@taftlaw.com, akwilosz@taftlaw.com, docket@taftlaw.com

David C. Bender bender@mwbattorneys.com

Christa Westerberg westerberg@mwbattorneys.com

Robert Ukeiley rukeiley@igc.org

/s/ David C. Bender


/s/ David C. Bender